UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
ANTHONY FAHME on behalf of himself and
all others similarly situated

                            Plaintiff,

                                                   08 CV 3529 (SJ) (VVP)

                -against-

NORTHSTAR LOCATION SERVICES, LLC

                         Defendant.

--------------------------------------------------------

## AMENDED CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiff Anthony Fahme seeks redress for the illegal practices of Northstar Location Services, LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt

4.    Upon information and belief, Northstar Location Services, LLC is a New York corporation with its principal place of business located in Cheektowaga, New York.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.      Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §
        1692(a)(6).

### *Jurisdiction and Venue*

7.      This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §
        1331.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and
        transactions that give rise to this action occurred, in substantial part, in this district.
        Venue is also proper in this district since the defendant transacts business in this district
        and collection contacts were directed into this district.

### *Allegations Particular to Anthony Fahme*

9.      Upon information and belief, on a date better known by defendant, defendant began to
        attempt to collect an alleged consumer debt from the plaintiff.

10.     On or about January 25, 2008 defendant sent an initial letter to the plaintiff.

11.     On or about January 25, 2008 plaintiff received a telephone message from a Mr. Robert
        A. Shapiro, believed to be a collection representative calling on behalf of the defendant.

12.     Mr. Shapiro spoke with some urgency because he directed the plaintiff to call back
        within one hour.

13.     The defendant did not disclose that the message was from a debt collector.

14.     Plaintiff returned the call and discussed the matter with Heath Henneberger.

15.     Heath told the plaintiff that he has good credit and he should pay the debt.

16.     Numerous times the plaintiff and the other individual who spoke with Heath on the
        plaintiff's behalf asked if the defendant was a collection agency.

17.   Heath responded that the company was a locator.

18.   Finally, after at least 20 minutes of conversation, when the plaintiff's friend pressed
      Heath for an answer, Heath finally advised that this is an attempt to collect a debt.

19.   Heath finally quoted from the 1692e(11) language

**20.**   Said message and the failure to state that the company is a collection agency or debt
      collector and rather a locator is in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11) for
      failing to state that the communication is from a debt collector and for engaging in
      deceptive practices.

### AS AND FOR A FIRST CAUSE OF ACTION

***Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.***

21.   Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-20 as if
      set forth fully in this cause of action.

22.   This cause of action is brought on behalf of plaintiff and the members of a class.

23.   The class consist of consumers who received a message from the defendant which did
      not set forth that the call was a communication from a debt collector.

24.   The Class consists of all persons whom Defendant's records reflect resided in the New
      York State and who received a telephone message (a) from one of defendant's collection
      representatives where the message failed to set forth that the message was from a debt
      collector similar to the message for the plaintiff on January 25, 2008 (b) the message left
      was concerning the seeking payment of an alleged debt; and (c) that the message
      contained violations of 15 U.S.C. §§ 1692e(10) and 1692e(11).

-3-

25.   A sub-class exists for those members who returned the message and were told that the company is a locator and not a debt collector or collection agency.

26.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that scripted or policy mandated telephone messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

27.   A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of

inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

28.    If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

29.    Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

30.    The defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

31.    Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a)    Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)    Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
           September 10, 2008

/s/
_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.


/s/
_____
Adam J. Fishbein  (AF-9508)

-6-